IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 11-24516-CMB |
| BUENA VISTA OCEANSIDE, LLC, | Chapter 11 |
| Debtor. | Adversary No. 14-02078-CMB |
| BUENA VISTA OCEANSIDE, LLC, | |
| Plaintiff, | |
| v. | |
| HOLISTIX 24, INC, HOLISTIX BY THE SEA, LLC, KEVIN SPARKS AND RYAN ZOFAY, | |
| Defendants. | |

*Appearances:*  Jeffrey A. Hulton, Esq. for Debtor-Plaintiff, Buena Vista Oceanside, LLC
Erica L. Koehl, Esq. &  Norman E. Gilkey, Esq. for Defendants, Holistix 24, Inc., Holistix by the Sea, LLC, Kevin Sparks, and Ryan Zofay

MEMORANDUM ORDER

The matter before the Court is the *Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.Bankr.P. 7012(b)(1)* ("Motion")[1] wherein Defendants aver that the within Court lacks subject-matter jurisdiction to adjudicate the above-captioned adversary proceeding.

Federal Rule of Civil Procedure 12(b)(1), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012(b), provides for the defense against a claim for relief by the assertion of

---

[1] This Court has jurisdiction to assess whether or not it possesses subject matter jurisdiction to adjudicate the within adversary proceeding.  *See Post-Confirmation Trust v. Berry (In re Fleming Companies, Inc.)*, 444 B.R. 127, 132 (Bankr.D.Delaware 2011).

lack of subject-matter jurisdiction. "Federal courts are presumed not to have jurisdiction without affirmative evidence . . ." and thus, the burden of establishing jurisdiction falls on the party asserting its existence. *Nuveen Mun. Trust ex rel. Nuveen Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012).

> Congress has vested "limited authority" in bankruptcy courts. Bankruptcy courts fall outside of the constitutional authority of Article III and derive their authority from federal statutes. There are significant restrictions on what functions can be constitutionally delegated to these courts. "[T]he source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157."

*Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3d Cir. 2004)(citations omitted).

Pursuant to 28 U.S.C. §1334, the district court is granted original and exclusive jurisdiction over all cases under title 11, as well as original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. *See* 28 U.S.C. §1334(a)-(b). Section 157 of United States Code permits each district to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges of their respective district. *See* 28 U.S.C. 157(a). District courts routinely refer most bankruptcy cases to bankruptcy courts. *In re Resorts Int'l, Inc.* 372 F.3d at 162.

Pending referral from the district court, four types of title 11 matters potentially fall within a bankruptcy court's jurisdiction: "'(1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.'" *In re Resorts Int'l, Inc.*, 372 F.3d at 162 (citations omitted). The first three of these types of matters are referred to as "core" proceedings; matters for which a bankruptcy

2

court has full adjudicative powers, subject to review, under to 28 U.S.C. §157(b)(1). *See In re Resorts Int'l, Inc.*, 372 F.3d at 162. Conversely, the fourth type of title 11 matters, proceedings related to a case under title 11, are known as "non-core" proceedings and a bankruptcy court's authority to adjudicate these matters is limited to submitting proposed findings of fact and conclusions of law to the district court for review *de novo* and entry of a final order/judgment. *Id.*; *See also* 28 U.S.C. § 157(c)(1). Despite the distinction, determination of whether a proceeding is "core" or "non-core" is unnecessary for the evaluation of subject matter jurisdiction. *In re Resorts Int'l, Inc.*, 372 F.3d at 163. Instead, the Court must only focus on whether a proceeding is "related to" the bankruptcy case; the broadest means of obtaining bankruptcy jurisdiction. *Id.*

The general test for whether an action is "related to" a bankruptcy proceeding was set forth in *Pacor, Inc. v. Higgins*, which held that a matter is "related to" a bankruptcy case if "'the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Nuveen*, 692 F.3d at 294 (citations omitted). However, the applicability of the *Pacor* test is complicated if the relevant action has been brought post-confirmation of a bankruptcy plan. *See Nuveen*, 692 F.3d at 294.

As observed in *Nuveen*, the jurisdiction of the bankruptcy court decreases following confirmation of a case creating problems with respect to retention of bankruptcy jurisdiction. *Id.* ". . . At the most literal level, it is impossible for the bankruptcy debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred." *Id.* (*quoting In re Resorts Int'l, Inc.*, 372 F.3d at 164-65). However, bankruptcy courts within the Third Circuit have been reluctant to apply the *Pacor* test so strictly as to

3

completely eliminate post-confirmation jurisdiction. *In re Resorts Int'l, Inc.,* 372 F.3d. at 165. Instead, courts, including the United States Court of Appeals for the Third Circuit, have found that retention of jurisdiction by a bankruptcy court is appropriate "where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement. . ." *Id.* at 168-169.

Therefore, upon consideration of the *Adversary Complaint*, the within Motion, Debtor's *Response in Opposition to Defendants' Motion to Dismiss*, the arguments set forth at the hearing held June 17, 2014, and the entire record of this case, the Court finds as follows:

1. Debtor, Buena Vista Oceanside, LLC, filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on July 20, 2011, which was subsequently converted to a case under Chapter 11 on August 9, 2011.
2. On July 15, 2012, Debtor entered into a post-petition *Commercial Lease Agreement* ("Lease") with Defendants, Holistix 24, Inc. and Holistix By The Sea, LLC (collectively "Holistix"), for the lease of property identified as 4225 El Mar Drive, Lauderdale-by-the-Sea, Florida, for a period of five (5) years commencing November 1, 2012 and ending October 31, 2017.
3. Debtor avers that Holistix became delinquent in its monthly rental payments beginning in January 2013. However, Debtor opted to forgo immediate legal action based on the personal assurances of Defendant, Kevin Sparks.
4. Shortly thereafter, Debtor filed its *Fifth Amended Plan of Reorganization* ("Plan") and *Fifth Amended Disclosure Statement to Accompany Amended Plan Dated March 11, 2013* ("Disclosure Statement") on March 11, 2013, which was confirmed by the Court on May 29, 2013.
5. Debtor avers that by October 2013, Holistix was delinquent in rent to Debtor in excess of $100,000.00.
6. On November 20, 2013, Debtor filed *Debtor's Motion for Final Decree in Accordance with 11 U.S.C. §1106(a)(7) and Report of Debtor*.

4

7. Debtor commenced the within adversary proceeding post-confirmation on April 9, 2014 asserting post-petition claims for breach of contract, fraud, imposition of constructive trust, and piercing the corporate veil.

8. At the hearing held June 17, 2014, Debtor conceded that issues raised in the within adversary proceeding are "non-core."

9. As the adversary was filed post-confirmation and the causes of action arose post-petition, in order to demonstrate "related to" jurisdiction, the Debtor must show that the claims for relief have a close nexus to the bankruptcy plan or proceeding. *In re Resorts Int'l, Inc.,* 372 F.3d at 168-169.

10. The Court is unpersuaded that the within adversary proceeding is "related to" the bankruptcy case.

    a. Debtor avers that since the Lease was executed prior to the filing of the Plan, the Plan relied on the revenue expected to be generated by the Lease as a source of funding for Plan payments and that the loss of said revenue "substantially impairs" Debtor's ability to meet Plan requirements. Thus, Debtor argues, the within adversary is sufficiently connected and "essential to the integrity of the Plan." This Court disagrees.

    b. Despite Debtor's assertions of necessity of the Lease payments for Plan success, a review of the Plan and Disclosure Statement reveals that no reference to the Lease is made therein. In fact, in Debtor's Disclosure Statement and Plan, Debtor avers that the Plan will be funded by the Transamerican Trust ("Trust").

    c. Nowhere in the Plan or Disclosure Statement does the Debtor assert that the Trust would be funded, fully or in part, by the Lease payments.[2] Nor does the Debtor identify any potential claims against Defendants when prompted to identify proposed or contemplated litigation and specify the effect(s) such litigation would

---

[2] Section IV, paragraph 11 of the Disclosure Statement provides, in part, as follows: "The Trust will fund the Plan. The Trust owns significant real estate holdings in multiple states including four commercial buildings in Pennsylvania approximating 60,000 square feet that are 100% leased. The Court has previously stated that the Trust is capable of meeting its financial obligations to fund the plan for the Debtor." Although Debtor, in making this statement, alludes to the revenue generated through the leasing of property as a source of funding for the Trust, the Court notes that Debtor fails to specifically identify the Lease agreement as an essential source of funding. On the contrary, the statement impresses upon the reader that, not only are the collective real estate holdings of the Trust substantial enough to meet the demands of the Plan, but that the most important pieces of realty are the commercial buildings in Pennsylvania and not the property subject to the Lease.

5

      have on plan payments under Section VIII, paragraph 3 of the Disclosure Statement.

   d. Given that the Lease was executed nearly eight months prior to the Plan, and that Holistix had become delinquent in the latter two, signaling to Debtor that litigation may be necessary, the Court finds it questionable that Debtor would fail to identify the Lease payments in the Plan and Disclosure Statement as either a source of funding and/or essential to the success of the Plan.

   e. At the hearing, Debtor averred that specific reference was not made to the Lease agreement because, at the time of the Plan, Debtor did not anticipate that Holistix would breach the Lease. However, as stated above, per the averments of the Debtor, Holistix had already been in breach of the Lease for approximately two months as of the date of the Plan.

   f. Due to Debtor's failure to identify the Lease agreement as essential to and/or a source of funding for the Plan, Debtor cannot show that the within adversary proceeding affects the "interpretation, implementation, consummation, execution, or administration" of Debtor's confirmed plan. *See In re Resorts Int'l, Inc.,* 372 F.3d at 168-169. To hold otherwise would promote a bankruptcy court's broad retention of jurisdiction over any action in which the plaintiff is a debtor currently operating under a reorganization plan in which creditors are paid from post-confirmation income. *See H & L Developers, Inc. v. Arvida/JMB Partners (In re H & L Developers, Inc.)*, 178 B.R. 71, 76 (Bankr.E.D.Pa.1994).

   g. Accordingly, the Court finds that Debtor failed to show that the adversary proceeding possesses a "close nexus to the bankruptcy plan or proceeding" sufficient to warrant a finding of "related to" jurisdiction.

11. Absent a finding of "related to" jurisdiction, the Court lacks subject-matter jurisdiction to adjudicate the within adversary proceeding.

12. The Court notes, and Debtor conceded at the hearing, that Debtor's claims for relief could be properly adjudicated by an alternate court of competent jurisdiction.

Based on the foregoing, it is hereby **ORDERED, ADJUDGED, and DECREED,** that the

*Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.Bankr.P. 7012(b)(1)* is

**GRANTED.**

Dated: August 25, 2014                                     /s/Carlota M. Böhm
                                                          Carlota M. Böhm
                                                          United States Bankruptcy Judge

**MAIL TO:**
Office of the United States Trustee
Jeffrey A. Hulton, Esq.
Erica L. Koehl, Esq.
Norman E. Gilkey, Esq.